## IN THE COURT OF APPEALS OF TENNESSEE,
### AT NASHVILLE

**FILED**

**September 29, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

|  |  |  |
|---|---|---|
| **MARY L. ELDRIDGE**, | ) | Sumner County Circuit Court |
|  | ) | No. 16910-C |
| Plaintiff/Appellee | ) |  |
|  | ) |  |
| VS. | ) | C.A. No. 01A01-9808-CV-00451 |
|  | ) |  |
| **ANTHONY W. ELDRIDGE**, | ) |  |
|  | ) |  |
| Defendant/Appellant. | ) |  |
|  | ) |  |

## PARTIAL DISSENT

I concur with the majority opinion with the exception of the affirmance of that portion of the trial court's decree that found Husband responsible for arrearages on alimony and household bills in the amount of $1,421.

By order of June 16, 1997, the trial court ordered Husband to pay $100 per week temporary alimony and all reasonable and necessary household bills and outstanding medical expenses. On January 30, 1998 Wife filed a motion asking that Husband be held in contempt for failure to comply with the heretofore described order. By order of February 25, 1998 the trial court entered an order dismissing Wife's petition for contempt.

On May 12, 1998 Wife filed another motion for contempt alleging that Husband was four payments behind in his alimony payments (presumably $400), and that he had failed to pay various household bills enumerated in the motion.[1] The final decree was filed June 3, 1998.

---

[1]A hearing on Husband's motion to suspend pendente lite alimony and Wife's motion for contempt was held on May 19, 1998. The statement of the evidence concerning that hearing states as follows:

Testimony focused on the following issues: whether alimony pendente lite support should be suspended while the Husband was on leave of absence from his employer under the Family and Medical Leave Act to care for his father; and whether Husband was in contempt for failure to pay certain items.

Subsequently, on June 19, 1998 Wife filed a motion for contempt alleging that Husband was 10 payments behind in his alimony payments in the amount of $1,000 as well as his failure to pay various household bills enumerated therein. Husband then filed a motion asking that Wife be held in contempt for failure to comply with the trial court's final decree regarding disposition of personal property. The trial court entered an order on September 16, 1998 wherein it was stated that both parties were found to be in "technical contempt" of court.[2]

The majority holds that the evidence does not preponderate against the trial court's award. As stated in the majority opinion, our review of this matter is *de novo* with the presumption that the trial court's findings of fact are correct, unless the preponderance of the evidence is otherwise. However, in reviewing this meager record, I have been unable to find any evidence to support the trial court's award of $1,421.00 in arrearage and would therefore reverse that award.

The majority affirms on the basis that the statement of evidence does not describe the evidence presented on this issue. The statement of evidence was approved by the trial judge in accordance with rule 24(f) T.R.A.P. There is no indication in the record that the appellee objected to the statement of the evidence. *See* rule 24(c) T.R.A.P. The majority further states that the party raising an issue on appeal is responsible for furnishing the appellate court with a record that would enable that court to reach the issue and, without any evidentiary record, there is no way to determine if the evidence preponderates against the trial court's findings of fact. The foregoing is clearly an accurate statement of the law. However, I think it is just as reasonable to believe that the statement of the evidence in this case does not contain any evidence on the amount of arrearage because none was presented to the trial court. The burden of proof was upon Wife to present evidence to the trial

---

The Trial Court ordered counsel for each party to submit a proposed Final Decree addressing all issues and indicated that the Court would sign one of the proposed Orders.

[2]The notice of appeal in this matter was filed August 28, 1998 in the trial court.

court of the amount of arrearages on alimony and household bills.

_____

FARMER, J.